All concur except PORTER and BOCKES, Judges, not voting.

Reversed.

---

## SUPREME COURT.

### MYGATT agt. WILLCOX and WILLCOX.

In cases in which more than *two days* are necessarily occupied in completing the trial, before the court, referee or jury, *including the preparation and submission of written points or arguments*, if that way of submission is agreed upon, the party succeeding is entitled to the additional $10 costs, under subdivision 4 of section 307 of the Code.

*Chenango Special Term, July,* 1868.

MOTION by plaintiff for re-adjustment of costs.

The action was tried before a referee, whose report was for the plaintiff. On the adjustment of the plaintiff's costs before the clerk of Chenango county, the plaintiff insisted that he was entitled to the following items:

Mygatt agt. Willcox.

For trial of an issue of fact...........................$30
Trial necessarily occupying more than two days in addi-
    tion thereto........................................ 10

    The defendants claimed that the item of $10 for the trial necessarily occupying more than two days, should be disallowed. It appeared by affidavits before the clerk, that the parties were engaged two full days in taking the evidence before the referee, and that on the evening of the second day the evidence was closed, when the plaintiff's counsel proposed to sum up the case and finish the trial, and the defendant's counsel preferred to submit on written points or arguments, when it was agreed before the referee, that the plaintiff submit his points or arguments, which was then done. It was further agreed, that the defendants have time to answer thereto in writing; and that the plaintiff have time to reply to the defendants' points or arguments. The points or arguments of the defendants were submitted to the referee by the defendants' counsel, to which the plaintiff's counsel made reply in writing.

    The plaintiff's counsel was *necessarily occupied* two days thereafter in preparing said reply to the defendants' points or arguments, in addition to the two days occupied in taking testimony before the referee. The clerk disallowed said $10.

    The plaintiff excepted to the clerk's ruling and now made this motion by way of appeal for a re-adjustment.

    HENRY R. MYGATT, *for plaintiff.*

I. Under section 307. subdivision 4, as amended April 27th, 1866, the trial of an issue of fact, is $30, "and where the trial shall necessarily occupy more than two "days, ten dollars in addition thereto."

II. "A trial is the examination of the issues between the parties." (*Code*, § 252.) It includes not only the examination of the witnesses, but the application of the facts and law to the case by the respective counsel. This trial was not completed until the submission to the referee. The examination of the witnesses occupied two days, the written argument thereafter occupied two days more. It was not the less a trial by reason of the written argument.

    ISAAC S. NEWTON *and* DAVID L. FOLLETT, *for the defendants.*

MURRAY, JR., J.   The opening of the cause, introduction of evidence, and summing up by counsel to the jury, or submitting of the cause to the court or referee on written points and arguments, after the evidence is closed, are parts of the trial of an issue of fact.

Such trial is not completed until finally submitted to the court, referee or jury.

In cases in which more than two days are necessarily occupied in completing the trial, including the preparation and submission of written points or arguments, if that way of submission is agreed upon, the party succeeding is entitled to the additional $10, under subdivision 4 of section 307 of the Code.

In this case it being conceded, that more than two days was necessarily occupied in the trial, if the preparation and submission of written points or arguments are to be included as a part of the trial, there should be a re-adjustment of the costs in this action, and the clerk of Chenango county should allow plaintiff the additional $10 under said subdivision, formerly rejected by him.