## ERIE COUNTY COURT.

### SILAS F. WASHBURNE agt. JOHN N. OLIVER.

*Costs — Code of Civil Procedure, section 3251 — When the ten dollars, in addition to thirty dollars for trial of an issue of fact, on ground of trial lasting more than two days, should not be allowed—trial completed when finally submitted to jury.*

After the proofs are closed, and the case is finally submitted to a court, referee or a jury, the *trial* is completed and finished.

Where the trial was commenced during the afternoon of November twenty-eighth, and the proofs were closed, and the cause fully submitted to the jury, and they retired to consider their verdict about 5 P. M. of the twenty-ninth, and returned into court with a verdict about 10 o'clock A. M. of the thirtieth:

*Held*, that the trial did not occupy more than two days within the meaning of subdivision 3 of section 3251 of the Code of Civil Procedure, allowing ten dollars extra costs when the trial necessarily occupies more than two days.

*Erie County Court, February*, 1882.

MOTION by plaintiff for a review by the court of taxation of costs by the clerk as provided by section 3265 of the Code of Civil Procedure, the clerk having allowed ten dollars for trial more than two days.

*William L. Jones*, for plaintiff for motion.

*J. P. Carr*, for defendant opposed.

HAMMOND, *Ch. J.*— It appears from the papers presented that the trial commenced during the afternoon of November twenty-eighth, that the proofs were closed, and the cause fully submitted to the jury, and they retired to consider their verdict about 5 o'clock P. M. of the twenty-ninth, and that they returned into court with a verdict for the defendant about 10 o'clock A. M. of the thirtieth.

Upon the taxation of costs by the clerk, the defendant claimed the ten dollars in addition to the thirty dollars trial fee, upon the ground that the trial necessarily occupied more than two days, in accordance with one of the provisions of subdivision 3 of section 3251 of the Code of Civil Procedure which reads as follows :

" For the trial of an issue of fact, thirty dollars, and when the trial necessarily occupies more than two days, ten dollars in addition thereto."

It will be seen from the foregoing statement of facts that the trial was commenced and completed, and the verdict rendered and entered by the clerk, and the jury discharged, all inside of forty-eight hours, from the time of the commencement of the trial ; and in view of this how it can be claimed that " the trial necessarily occupied *more* than two days," is hard to see, as it must be conceded that the trial in fact really occupied but little more than one and one-half consecutive days, from commencement to completion, including the time the jury were out, and until after they had returned and rendered their verdict.

Counsel for defendant insists that fractions of a day are not regarded in law, and that a day commences at midnight and runs until midnight, and that he is entitled to this ten dollars because the trial really occupied fractions of three separate days which should each count for full days.

It is true that as a general rule for the purposes of the service of process, pleadings and notices, the law does not regard fractions of a day, but as to priority between creditors, and to prevent an injustice, the law does regard fractions of a day (5 *Abb. Dig.*, 709, *and cases there cited*).

In the present case it would be an injustice to the plaintiff to allow the rule as claimed by the defendant, because it would in effect be allowing him for time spent in the trial of the cause, which was not thus spent.

As well might a laborer who is hired by the day to do a certain piece of work, charge for three days labor, when in

Washburne agt. Oliver.

fact he should work one-half of the first day, the whole of the second day, and one-fourth hour of the morning of the third day. It does seem as though any person would contend for such a rule in the case of a laborer; and yet in principle it is very like the rule contended for by the defendant in this case.

But there is another view, which may be taken of the case, which is equally fatal to the position of the defendant, and that is that this trial was completed and ended, and fully finished, upon the afternoon of the second day, when the counsel had each finished their arguments to the jury, the court had given them its charge, and they had retired for deliberation upon their verdict (*Mygatt* v. *Wilcox*, 35 *How. Pr.*, 410).

I cannot find that the precise point under consideration has ever been decided, and it was not up in the case last cited, but in deciding the case the learned judge uses the following language: " Such trial is not completed until finally submitted to the court, referee or jury," thus holding by fair implication, that when it is thus submitted to the court, referee or jury it is completed.

After the proofs are closed and the case is finally submitted to a court or referee for decision, I think it must be held that the trial is completed and finished, and I see no good reason for holding or applying any other or different rule when the trial is by jury instead of a court or referee.

The motion to strike out the item of ten dollars for trial occupied more than two days is granted, with seven dollars costs of this motion.